**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| RICKEY JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:08-CV-1075-FRB |
| ) | |
| MELANIE BULLARD, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Melanie Bullard's motion for summary judgment [Doc. #13]. All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Rickey Jones, a detainee with the Sexual Offender Rehabilitation and Treatment Services ("SORTS"),[1] brings this action under 42 U.S.C. § 1983 against Melanie Bullard for an alleged violation of his First Amendment right to exercise his religion. Bullard moves for summary judgment on the merits of plaintiff's claim, asserting that plaintiff cannot show she placed a substantial burden on his ability to practice his religion. Bullard further argues that she is entitled to qualified immunity and that she cannot be held liable on the basis of respondeat superior, because she has no personal involvement in the alleged violation of plaintiff's First Amendment rights. In support of her motion for summary judgment, Bullard has submitted an affidavit, as well as portions of plaintiff's deposition

---

[1] On July 1, 2009, the Missouri Sexual Offender Treatment Center changed its name to "Sexual Offender Rehabilitation and Treatment Services." For purposes of this Memorandum and Order, the Court will use the current name in referencing this facility.

1

testimony. Plaintiff did not respond to defendant's motion for summary judgment and his time for doing so has now passed.[2] For the following reasons, the Court will grant Melanie Bullard's motion for summary judgment.

## Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment, the Court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the initial burden of showing both the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Fed.R.Civ.P. 56(c).

Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 257; Heisler v. Metropolitan Council, 339 F.3d 622, 626 (8th Cir. 2003). Self-serving, conclusory statements without support are insufficient to defeat summary judgment. Armour and Co., Inc. v. Inver Grove Heights, 2 F.3d 276, 279 (8th Cir. 1993). Rule 56(c) "mandates the entry of summary judgment,

---

[2]On June 29, 2009, the Court ordered plaintiff to respond to defendant's motion for summary judgment no later than July 23, 2009 [Doc. #16].

after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

**Facts**[3]

Rickey Jones has been a resident of SORTS since 2002. He converted to Islam in 1996, and in accordance with the practice of his faith, he does not eat pork; plaintiff has no other religious dietary restrictions. Plaintiff alleges that although he is a practicing Muslim, defendant Melanie Bullard serves him pork.

Since 2003, defendant Bullard has been employed as the Regional Director of Dietary Services for the Missouri Department of Mental Health. Her duties include developing menus and coordinating and delivering nutritious and well-balanced meals to SORTS residents, as well as certain other mental health facilities. Her responsibilities do not include personally participating in the direct preparation or service of food to SORTS residents, and she has never personally prepared or served plaintiff any of his meals.

Since 2006, SORTS has honored religious dietary practices and has offered its residents a nutritionally adequate alternative second-choice entree at breakfast, lunch, and dinner. The second-

---

[3]The Court adopts the statement of undisputed facts in support of the motion for summary judgment submitted by defendant Melanie Bullard [Doc. #14]. The statement of facts is supported by portions of plaintiff's deposition and Bullard's affidavit. Plaintiff has not submitted a statement of disputed factual issues, nor has he responded to defendant's motion for summary judgment. Because plaintiff failed to submit a statement of material facts as to which he contends a genuine issue exists, as required by Local Rule 7- 4.01(E), for purposes of this motion, plaintiff is deemed to have admitted all facts that were not specifically controverted. See Deichmann v. Boeing Co., 36 F.Supp.2d 1166, 1168 (E.D.Mo. 1999); see also Ridpath v. Pederson, 407 F.3d 934, 936 (8th Cir. 2005)(where plaintiff did not controvert defendant's statement of material fact, it was deemed admitted under Local Rule 7- 4.01(E)).

3

choice entree never contains pork if the first-choice entree contains pork. SORTS follows a four-week menu cycle that is upgraded annually. The offering of a second-choice entree will continue for the foreseeable future, and in fact, will be supplemented with a third-choice entree in the near future.

The residents of SORTS eat in a cafeteria setting, and the normal procedure for a resident to get his meal is to advance to the front of the serving line, where a SORTS employee asks what he would like to eat and then places the items on a tray. On occasion, before plaintiff indicated his meal selection, a cafeteria worker inadvertently offered plaintiff a tray and a plate with a pork dish on it. On these occasions, plaintiff handed the tray back to the cafeteria worker and asked for another tray. In each instance, plaintiff was given another tray with a non-pork alternative. These inadvertent offerings of pork to plaintiff are the basis of his complaint. Plaintiff does not seek monetary damages, but rather an order instructing Bullard not to serve him pork and to make "sub items" available.

## Discussion

Under the Free Exercise Clause of the First Amendment, a plaintiff must raise a material question of fact regarding whether a defendant has placed a substantial burden on plaintiff's ability to practice his religion. See Gladson v. Iowa Dept. of Corrections, 551 F.3d 825, 833 (8th Cir. 2009); Patel v. U.S. Bureau of Prisons, 515 F.3d 807, 813 (8th Cir. 2008). To constitute a substantial burden, the state policy or actions must:

> significantly inhibit or constrain conduct or expression that manifests some central tenet of a [person's] individual [religious] beliefs; must meaningfully curtail a [person's] ability to express adherence to his or her faith; or must deny a [person] reasonable opportunities to engage in those activities that are fundamental to a [person's] religion.

Weir v. Nix, 114 F.3d 817, 820 (8th Cir. 1997)(citation and quotation omitted). Having carefully reviewed the record, the Court finds that plaintiff has not adduced sufficient evidence from which a

reasonable jury could conclude that his ability to practice his religion was substantially burdened. The undisputed facts indicate that, since 2006, SORTS has offered its residents a nutritionally adequate alternative second-choice entree at breakfast, lunch, and dinner, and the second-choice entree never contains pork if the first-choice entree contains pork. On occasion, SORTS cafeteria employees inadvertently offered plaintiff a tray containing a plate of pork, and in each instance, plaintiff handed the tray back to the cafeteria worker, asked for another tray, and was given another tray with a non-pork alternative. As plaintiff stated in his deposition testimony, he has not been damaged by this conduct, although he does find it irritating and insulting to his religion to be offered a plate with pork on it. The Court concludes that, as a matter of law, these facts do not constitute a substantial burden on the exercise of plaintiff's religion, and therefore, Melanie Bullard is entitled to summary judgment.[4]

Moreover, the Court finds that there are no disputed questions of material fact relative to defendant Bullard's lack of personal involvement in the inadvertent and occasional offering of pork to plaintiff. The theory of respondeat superior is inapplicable in § 1983 actions, and therefore, defendant Bullard is entitled to summary judgment on this basis, as well. See Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Harris v. Pirch, 677 F.2d 681, 685 (8th Cir. 1982)(supervisory personnel not liable under

---

[4]Because the undisputed facts in the instant case show that Bullard did not violate plaintiff's constitutional rights, she is also entitled to qualified immunity. See Kahle v. Leonard, 477 F.3d 544, 549 (8th Cir. 2007)(qualified immunity protects state actors from civil liability when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known).

§ 1983 absent showing of direct responsibility for the improper action or personal involvement of the officer being sued).

Accordingly,

**IT IS HEREBY ORDERED** that defendant Melanie Bullard's motion for summary judgment [Doc. #13] is **GRANTED**.

A separate Judgment shall be filed with this Memorandum and Order.

*Frederick R. Buckles*
_____
**FREDERICK R. BUCKLES**
**UNITED STATES MAGISTRATE JUDGE**

Dated this 23rd day of March, 2010.